SILVERMAN and another VS. BLAKE.

Where it became necessary in an action to prove the execution of an instrument un-
der seal, and the question on appeal was, whether the absence of the subscrib-
ing witness had been sufficiently accounted for, so as to let in secondary
evidence, the record showed that the name of such witness was *Lars* Nelson,
and that a subpœna had been issued in the cause for *Abraham* Nelson, and
that he was not in the county or state, but in the army of the United States.
*Held,* that this court could not assume that the person so subpœnaed was iden-
tical with said subscribing witness.

ERROR to the Circuit Court for *Ozaukee* County.

The question presented by the record in this case is sufficient-
ly stated in the opinion of the court. The subpœna there
referred to was addressed to *Abraham* Nelson.

*Hugh Cunning,* for plaintiff in error.

*A. M. Blair,* for defendant in error.

*By the Court,* COLE, J. This action was brought on an ac-
count which was assigned, under seal, by Moses Kilgore and
Peter W. Hoyt, to the plaintiff in error. The record shows
that the assignment was made in the presence of a subscribing
witness by the name of *Lars* Nelson. On the trial, the read-
ing of the assignment in evidence was objected to because the
subscribing witness was not called to prove its execution, nor
was it shown that the party offering it had made a strict, dili-
gent and honest inquiry to find such witness, so as to entitle
him to give secondary evidence of its execution. To obviate
this objection it appears that an affidavit of the attorney of
the plaintiff was offered, which in effect set forth that a sub-
pœna had been issued and returned, showing that one *Abra-
ham* Nelson was in the army of the United States, and had no res-
idence in this state. The subpœna issued in the cause was like-
wise offered, on which the sheriff had returned that he had made
a diligent search to find *Abraham* Nelson, but that he was not in
his county, and was in the service of the United States.
The court held that the absence of the subscribing witness

had not been sufficiently accounted for, and the plaintiffs were nonsuited. It is now contended that this ruling of the circuit court was erroneous. It is admitted that the execution of the assignment should be proven by the subscribing witness, but it is claimed that his absence was accounted for so as to render secondary evidence of the execution of the assignment admissible. And we suppose the affidavit of the attorney, and the return on the subpœna, before referred to, were offered for the purpose of showing that the subscribing witness could not be found, but was beyond the jurisdiction of the court. But the difficulty with this proof was, that it accounted for the absence of *Abraham* Nelson instead of *Lars* Nelson, the subscribing witness. There may be some mistake in the record upon this point, but; as it now stands, we cannot see how proof of the absence of Abraham tended to account for the absence of Lars Nelson. If Abraham and Lars were really the same person, this should appear in some way. But we cannot assume that they are different names of the same individual, and therefore cannot see that there was anything offered to account for the absence of Lars Nelson. And upon this ground we think the nonsuit was undoubtedly correct, and must be affirmed.

Judgment affirmed.